CABELE, J.
In the case of Swann v. Selden, this court decided that the decree dismissing the bill on the merits ought not to be reversed, merely on the ground that some of the persons concerned in interest had not been made parties. It is the business of the plaintiff to make all proper parties. If he fails to do so, it is too late for him, in the appellate court, to take advantage of his own omission, for the purpose of reversing a decree which is correct and proper in all other respects.
If therefore the decree were right on the merits, it would be too late now to object to the want of parties, whatever may have been the reason which operated on the mind of the chancellor in dismissing the bill. And if it be wrong on the merits, it ought to be reversed on that ground, and not on the ground of the want of parties.
In a suit in chancery, the object of which is to contest the validity of a will, on and issue devisavit vel non, under the act of assembly, I do not think that the answer of the defendant becomes, of necessity, evidence in the cause, on the question as to the validity of the will. Where no appeal is made to the conscience of *the *665 defendant; where no discovery is sought from him as to facts within his particular knowledge, but he is called on to answer, merely as a step or part of the proceeding through which it is necessary to pass, for obtaining a trial before a jury; in such a case, it would be unjust to make the answer evidence as to the validity of the will. In such a case, the statements of the answer are entitled to no more weight than the allegations of the bill. In such a case, the position of a party as defendant entitles him to no advantage.
But in the case before us, an appeal is directly made to the conscience of the defendant, by various searching interrogatories, which he is called on to answer specially. Being thus called on and required to give evidence which might have operated against him, he ought, on the principle of chancery practice, to be entitled to its benefit when it operates in his favour.
I am of opinion, nevertheless, that the decree dismissing the bill is wrong on the merits. The verdict of the jury ought to be set aside, because it was rendered on a trial in w'hich material testimony offered by the plaintiff was excluded from the consideration of the jury. The objection to the excluded depositions, founded on the alleged insufficienc3r or illegality of the notice, is in my opinion not valid. When we consider the great distance of the place where the depositions were to betaken, the uncertainty of being able to arrive there at a particular day, and the difficulty and uncertainty of procuring the attendance of the commissioners and of numerous witnesses at the same time and place, it was quite reasonable to notify the adverse party that the depositions would be taken on six successive days, so as to justify the taking of them on any of the days, even the last.
On this ground, I am for reversing the decree, and remanding the cause for a new trial of the issue. And as the cause is necessarily to go back, I think the complainant '^'should be ruled to make all proper parties, and on his failure to do so, that the bill should be dismissed.
TUCKER, P.
In this case, I am of opinion that the decree of dismission of the plaintiff’s bill was erroneous. That dismission was not upon the merits, but for want of parties. This distinctly appears to my mind, from the terms of the decree. After reciting the return of a verdict in favour of the will, it proceeds — “but all parties in interest not being before the court, so as to authorize a decree affirming said will,” it is decreed that th,e bill be dismissed. Here there is a disclaimer of a decree on the merits, and a dismission because there are not parties to enable the court to render such decree.
Considered as a dismission for want of parties, it was erroneous; for the court should rather have ordered the proper parties to be made, and have given time to amend the bill; and the bill should only have been dismissed in case the plaintiff failed to make parties. Allen &c. v. Smith, 1 Leigh 231; Hill v. Kirwan, Jacob 163; 4 Cond. Eng. Ch. R. 76; Green v. Poole, 4 Bro. P. C. 122, (ed. Toml. vol. 5, p. 504;) Key v. Hord &c., 4 Munf. 485.
But if the dismission be considered as a decree on the merits, it was yet more erroneous. Eor no decree can be properly pronounced affirming the validity of a will (which is the effect of a dismission on the merits here) unless all persons concerned in interest are before the court. For the will cannot be good against some of the heirs, and void as to others: nor can a verdict and decree against one bind the others. The other heirs may therefore file their bills, and on the trial of an issue, it may be found against the will. If so, then the will would be void as to them, and good against Nestor Kincheloe, if this decree is to be taken *as affirming the will as to him. This cannot be. Where it appears that all persons interested are not before the court, the court should require the parties lo be made, and if not made in reasonable time, the bill should be dismissed; riot on the merits, but for defect of parties. The question of the validity of a will is integral, and cannot be disposed of piecemeal.
With these views, I cannot go into the other questions, which are not before us, as the dismission has been for want of parties only; but I am of opinion to reverse the decree of dismission, and send the cause back, that the proper parties may be made.
The decree of the court of appeals was as follows:
“The court is of opinion that the depositions offered by the appellant in evidence on the trial of the issue were improperly excluded from the jury. The court is further of opinion that though the omission to make all the heirs of the testator parties, if that were the only objection to the decree, would not authorize the reversal of it, at the instance and for the benefit of the party guilty of the omission, yet as the decree is to be reversed on a different ground, and the cause remanded, it is proper, when the case goes back to the circuit court, that that court should require the other heirs to be made parties; and as the introduction of the other parties may change the question presented by the appellant’s exception to the introduction and effect of the answer of the appellee, as evidence on the trial of the issue, that question need not be (as it is not) decided. Therefore” decree reversed with costs, and cause remanded to the circuit court, “with directions to require the appellant to make the other heirs parties, and on his failure to do so in a reasonable time, to dismiss his bill for want of parties; and in the event the parties are made, for such further proceedings as may be proper.”
*JrrnGH Stanard also delivered a separate opinion in the ioregoing case; but, as he informed the reporter, the manuscript was after-wards mislaid or lost. ITis opinion (according: to a summary furnished by him to the reporter) was, 1st. That the answer to a bill for an issue devisavit vel non cannot be used as evidence for the respondent, in respect to facts alleged in the bill, and thereby urged against the validity of the will, and denied by the answer, except where the facts are suggested to be, or from their nature must be. *666 within the special knowledge of the respondent, and as to them an appeal is made to his conscience, and a discovery specifically called for from him. when therefore the hill suggests invalidity of the will for want of testamentary capacity of the decedent, hy reason of age, or defect of intellect, or other cause not produced hy the immediate agency, nor coming within the particular knowledge, of the respondent, the answer asserting the testamentary capacity, and denying the existence of the suggested defect or cause, is not evidence to the jury for the respondent, to prove such capacity. 2dly. He was also of opinion, that, making due allowance for the distance of the place at which the depositions were to be taken, the notice in this case was sufficiently definite, and that the court erred in the opinion hy which the said depositions were excluded from the jury. And he concurred in the decree that was rendered hy this court. — Note in Original Edition.